IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CURT MARQUAIN LOCKETT,

     Plaintiff,

v.                             CASE NO. 5:17-cv-156-MCR-GRJ

OFFICER PREY, et al.,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at Jefferson CI, initiated this case by filing a Complaint and has been granted leave to proceed as a pauper by separate order. Plaintiff has filed an Amended Complaint, which is before the Court for screening pursuant to 28 U.S.C. § 1915A. The allegations of the Complaint stem from the conditions of confinement at Gulf CI. Specifically, Plaintiff experienced a medical emergency in November 2011 that required hospitalization and surgery. He contends that officials at Gulf CI were deliberately indifferent to his serious medical needs in connection with his medical care. ECF No. 6.

Plaintiff executed the complaint under penalty of perjury. ECF No. 6 at 6. Section IV of the Court's civil rights complaint form requires prisoners

to disclose information regarding other lawsuits, including whether they have initiated other actions in state or federal court dealing with the same or similar facts involved in the instant case, whether they have initiated other cases dealing with the fact or manner of their incarceration *(including habeas corpus petitions)*, and whether they have ever had any actions in federal court dismissed as frivolous, malicious, for failure to state a claim, or prior to service, and if so to identify each and every case so dismissed. ECF No. 1 at 3-4.  The form expressly warns that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."  ECF No. 1 at 3.

In response to these questions, Plaintiff represented that he had filed two prior federal civil rights cases, as well as one state case.  *Id*. at 4-6.  The federal cases identified by Plaintiff are *Lockett v. Covan*, Case No. 3:15-cv-331-LC-EMT (N.D. Fla. 5/18/17) (dismissing case for failure to comply with an order of the Court), and *Lockett v. Doe*, Case No. 5:13-cv-371-RS-GRJ (N.D. Fla. 3/5/15) (granting defendants' motion to dismiss for failure to exhaust administrative remedies before filing complaint).  The latter case concerned the same underlying facts as the instant case.

A review of the Court's PACER index reflects that in addition to the two prior federal district court civil rights cases, Plaintiff also filed a prior federal habeas corpus case: *Lockett v. Sec'y, Dept. of Corr.*, Case No. 9:15-cv-81656 (S.D. Fla. 2/10/16).  Further, Plaintiff filed another federal civil action that he failed to identify in his verified Complaint.  Plaintiff appealed the dismissal of Case No. 5:13-cv-371-RS-GRJ to the Eleventh Circuit.  *See id*. ECF No. 65.  The appeal was docketed as Appeal Number 15-12580-G.  On April 27, 2016, the appeal was dismissed as frivolous.  *Id*. ECF No. 84.  Plaintiff's failure to identify this appeal in his verified complaint is significant because the dismissal as frivolous counts as a "strike" pursuant to 28 U.S.C. § 1915(g).

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits warrants dismissal of the complaint for abuse of the judicial process.  *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[1]  In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit.  The plaintiff argued that he "misunderstood" the form, but

---

[1]Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

the Court held that the district court had the discretion to conclude that the

plaintiff's explanation did not excuse his misrepresentation because the

complaint form "clearly asked Plaintiff to disclose previously filed

lawsuits[.]"   *Id*.   The Court determined that dismissal was an appropriate

sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged
> in bad faith litigiousness or manipulative tactics warrants
> dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th
> Cir.1997). In addition, a district court may impose sanctions if a
> party knowingly files a pleading that contains false contentions.
> Fed.R.Civ.P. 11(c).  Although *pro se* pleadings are held to a
> less stringent standard than pleadings drafted by attorneys, a
> plaintiff's *pro se* status will not excuse mistakes regarding
> procedural rules. *McNeil v. United States,* 508 U.S. 106, 113,
> 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's

"three strikes" provision, the information required on the form assists the

Court in efficiently managing prisoner litigation by showing whether a

complaint is related to or is affected by another case.  The failure to

exercise candor in completing the form, while acknowledging that the

answers are made under penalty of perjury, impedes the Court in

managing its caseload and merits the sanction of dismissal.  *See Redmon*,

2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL

1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

In this case, the Court does not find that Plaintiff's lack of candor should be excused.  Both of the omitted cases were relatively recent, and Plaintiff could not plausibly claim that he did not recall them.

The Amended Complaint presents an additional ground for dismissal. As noted above, the claims in this case were asserted in a previous case that was dismissed for failure to exhaust administrative remedies.  The incident underlying the claims occurred in late 2011 and early 2012, and the time for exhausting administrative remedies has long since passed.  In the previous case, the undersigned specifically found that Plaintiff had failed to show that he was unable to timely exhaust administrative

remedies before filing the complaint.  *See* Case No. 5:13-cv-371-RS-GRJ (N.D. Fla. 2/2/15) (ECF No. 53, Report and Recommendation).  The instant Amended Complaint presents no basis for revisiting that finding.

The undersigned therefore concludes that dismissal of this case for abuse of the judicial process is an appropriate sanction for Plaintiff's lack of candor.  The dismissal of this case for abuse of the judicial process will be without prejudice to Plaintiff re-filing his claims, but will operate as a "strike" pursuant to 28 U.S.C. § 1915(g).  If Plaintiff accumulates three strikes he will be prohibited from proceeding as a pauper in a civil case while he is incarcerated, unless he can demonstrate that he satisfies the "imminent danger" exception to the three-strikes bar.

Accordingly, it is respectfully **RECOMMENDED** that leave to proceed as a pauper be denied and that this case should be **DISMISSED** as malicious for abuse of the judicial process.  The dismissal of this case as malicious will operate as a "strike" pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** this 12th day of July 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**